IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| | ) | |
| v. | ) | Criminal No. 07-436 |
| | ) | (Civil No. 13-845) |
| | ) | |
| ROBERT DAVIES | ) | |
| | ) | |
| Petitioner | ) | |

## OPINION

### I.    Introduction

On December 18, 2007, a federal grand jury returned a one-count indictment charging petitioner Robert Davies ("petitioner") with knowingly traveling in interstate commerce for the purpose of engaging in illicit sexual conduct with another person, as defined in 18 U.S.C. § 2423(f)(1), in violation of 18 U.S.C. § 2423 (b) and (e). (ECF No. 14.) On May 27, 2009, petitioner pleaded guilty to count one of the indictment. On October 16, 2009, petitioner—after spending nineteen months incarcerated—was sentenced to a term of imprisonment of time served and a lifetime term of supervised release, with all conditions of release outlined. (ECF Nos. 75, 76, 79.) Petitioner previously filed two § 2255 motions with this court (ECF Nos. 85, 110), which the court denied (ECF Nos. 103, 181.) Petitioner appealed each of the court's decisions denying his § 2255 motions, and the Third Circuit Court of Appeals declined to issue a certificate of appealability with respect to either of those motions. (ECF Nos. 108, 189.)

Currently pending before the court are five motions filed by petitioner: a motion to vacate under 28 U.S.C. § 2255 (ECF No. 186); a motion for leave to file corrected exhibits (ECF No. 188); a motion for disclosure of matters occurring before the grand jury (ECF No. 190); a motion to strike (ECF No. 194); and a motion to disqualify judge (ECF No. 196). For the reasons stated herein,

petitioner's motion to disqualify the undersigned judge, motion to vacate, and motion for disclosure of matters occurring before the grand jury will be denied, and petitioner's motion to strike and motion for leave to file corrected exhibits will be denied as moot.

## II. Motion to disqualify judge (ECF NO. 196)

Petitioner in his motion to disqualify judge asserts a variety of reasons that the undersigned district court judge should recuse herself from this case. Upon review of petitioner's motion and the applicable law, the court will not recuse from petitioner's case, and petitioner's motion will be denied.

The statute governing judicial disqualification provides, in pertinent part:

(a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

28 U.S.C. § 455(a). The test for disqualification pursuant to § 455(a) is "whether a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." In re Kensington Int'l Ltd., 353 F.3d 211, 220 (3d Cir. 2003). "It is 'vital to the integrity of the system of justice that a judge not recuse himself on unsupported, irrational or highly tenuous speculation.'" Pondexter v. Allegheny Cnty. Housing Auth., Civ. No. 11-857, 2012 WL 1621370, at *2 (W.D. Pa. May 9, 2012) (quoting McCann v. Commc'ns Design Corp., 775 F. Supp. 1506, 1523 (D. Conn. 1991) (alteration in original)). A court's "rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S. 540, 555 (1994). The Supreme Court has explained:

First, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. See United States v. Grinnell Corp., 384 U.S., at 583, 86 S.Ct., at 1710. In and of themselves ( i.e., apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism

required (as discussed below) when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal.

Liteky, 510 U.S. at 555.

Petitioner requests the undersigned district court judge recuse from the above-captioned case because he alleges that the undersigned district court judge:

(1) engaged in ex parte communications with petitioner's trial counsel and did not disclose those ex parte communications to defendant or the government (ECF No. 196 at 2);

(2) "hastily" granted petitioner's counsel's request to withdraw from the case (Id. at 4);

(3) ordered the government to respond to petitioner's motion to unseal his presentence investigation report (Id. at 4-5);

(4) granted petitioner's motion for leave to proceed in forma pauperis based upon the government's consent and not upon the merits of the motion (Id. at 5);

(5) granted petitioner's motion to stay forfeiture based upon the government's consent and not upon the merits of the motion (Id. at 5-6);

(6) ordered defendant to file a redacted version of his motion for leave to supplement his § 2255 motion (Id. at 6);

(7) granted the government a thirty-day extension to respond to the § 2255 motion pending before the court without requiring the government to show good cause why the extension should be granted (Id. at 7-8);

(8) "made arguments for, and then ruled in favor of, the government" with respect to petitioner's argument that the plea agreement was procured by fraud and his motion for return of property, (Id. at 8-13).

Each of the foregoing bases for recusal asserted by petitioner will be addressed below.

**A. Petitioner alleges the undersigned judge engaged in ex parte communications with petitioner's trial counsel and did not disclose those ex parte communications to defendant or the government.**

Petitioner accused the undersigned judge of engaging in ex parte communications with his counsel Komron Maknoon ("Maknoon") based upon an email he allegedly received from Maknoon. (ECF No. 196 at 2.) On March 17, 2009, petitioner—while represented by Maknoon—filed a motion

to suppress[1] with the court. (ECF No. 53.) According to petitioner, on March 24, 2009, Maknoon emailed petitioner's parents and wrote:

> Last and not least, Robert had mailed another motion to the *judge*. It is beginning to cause *problems*—not for me but *for him*. *I have to* go to federal court tomorrow and *inform the court* that *we do not want* to proceed to *trial* and want until the 27th. *I just don't want to have all deals off the table.*

(ECF No. 196 at 2.) Based upon the foregoing email, petitioner alleges that "Judge Conti was upset to the point that she engaged in ex parte communication with defense counsel and informed defense counsel that the pro se motions were beginning to cause problems for the defendant." (Id.)

Petitioner's accusations about this court engaging in ex parte communication with Maknoon and informing him that his motions "were beginning to cause problems for the defendant" are based upon *unsupported accusations*, which are not a basis for this court to recuse itself from petitioner's case. Pondexter, 2012 WL 1621370, at *2. The court did not engage in ex parte communications with Maknoon. The email allegedly sent by Maknoon to petitioner's parents would not cause a "reasonable person, with knowledge of all the facts, [to] conclude that the [undersigned] judge's impartiality might reasonably be questioned." In re Kensington Int'l Ltd., 353 F.3d at 220. Under those circumstances, petitioner's motion to disqualify the undersigned judge with respect petitioner's allegations that the court engaged in ex parte communications will be denied.[2]

---

[1]      On July 7, 2009, the motion to suppress was terminated following petitioner's entry of a guilty plea to count one of the indictment. (ECF No. 64.)

[2]      On the same day petitioner filed the motion to suppress, Maknoon—on petitioner's behalf—filed a "motion to extend time of detention hearing." (ECF No. 52.) In the motion, it was alleged that "[c]ounsel for the defendant and AUSA Soo Song are currently in negotiations and have agreed to extend the time of detention hearing." (Id. at 1.) Maknoon in the email he allegedly sent to petitioner expressed his concern about petitioner causing problems *with the government* during plea negotiations—and not with the court—by filing pro se motions, to which the government would be required to respond. In other words, Maknoon in the email dated March 24, 2009, expressed his concern that petitioner filing pro se motions would result in the government being unwilling to enter into a plea agreement with petitioner, i.e., "all deals [being] off the table." (ECF No. 196 at 2.)

**B. Petitioner alleges the undersigned judge "hastily" granted petitioner's counsel's request to withdraw from the case.**

On August 6, 2013, Maknoon filed a motion to withdraw as counsel. (ECF No. 112.) Maknoon alleged that "the attorney-client relationship has suffered irreparable harm and that undersigned counsel cannot proceed due to irreconcilable differences." (ECF No. 112 at 6.) Maknoon explained that petitioner: (1) filed a § 2255 motion based upon claims of ineffective assistance of counsel; (2) filed a motion seeking new counsel; and (3) "acted on his own behalf without seeking advice from undersigned counsel." (Id. at 1-2.) On August 6, 2013—the same day on which the motion to withdraw was filed—the court granted Maknoon's motion.

Petitioner argues that this court's "hasty grant of the motion…prevented the defendant form presenting…evidence to contradict" Maknoon's "false statements" to the court. (ECF No. 112 at 4.) The court, however, was not required to permit petitioner time to respond to Maknoon's motion, and, in light of petitioner previously filing a motion for new counsel to remove Maknoon as his counsel (ECF No. 99), and a § 2255 motion asserting Maknoon provided him ineffective assistance (ECF No. 110), had a proper basis upon which to grant Maknoon's motion. United States v. Gibbs, 190 F.3d 188, 207 n.10 (3d Cir. 1999). Under those circumstances, a "reasonable person, with knowledge of all the facts" would not "conclude that the [undersigned] judge's impartiality might reasonably be questioned." In re Kensington Int'l Ltd., 353 F.3d at 220. Petitioner's motion to disqualify the undersigned judge will be denied with respect to this argument.

**C. Petitioner alleges the undersigned judge ordered the government to respond to petitioner's motion to unseal his presentence investigation report.**

On June 11, 2014, petitioner filed a motion to unseal the presentence investigation report (ECF No. 149.) Petitioner in the motion alleged that as part of his appeal to the Third Circuit Court of

5

Appeals he was required to submit to the court of appeals four copies of the presentence investigation report, which was filed under seal in this court. (Id. at 1.) On June 13, 2014, the court ordered the government to respond to petitioner's motion on or before June 24, 2014. On June 19, 2014—prior to the government filing a response with the court—the court entered an order denying as moot petitioner's motion because the probation office informed the court that it would send petitioner a copy of his presentence investigation report. (ECF No. 153.)

Petitioner argues that the undersigned judge ordering the government to respond to petitioner's motion to unseal the presentence investigation report and denying the motion as moot because of the assertions made by the probation office is evidence of the court's impartiality. (ECF No. 196 at 4-5.) Petitioner argues that based upon those facts the undersigned judge "gave the appearance of bias, and her orders amounted to a waste of judicial resources." (Id.) The undersigned district court judge exercised its discretion to control its docket in this case when it ordered the government to respond to petitioner's motion. In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982); Ciocchetti v. Wiley, 358 F. A'ppx 20, 24 (10th Cir. 2009) (explaining that "[d]istrict courts generally are afforded great discretion regarding trial procedure applications (including control of the docket and parties)" in response to the petitioner's argument that "the district court erred in ordering the government to file a preliminary response rather than simply dismissing his petition"). The court of appeals "accord[s] district courts *great deference* with regard to matters of case management," Drippe v. Tobelinski, 604 F.3d 778, 783 (3d Cir. 2010) (emphasis added), and "'will not interfere with a trial court's control of its docket except upon the clearest showing that the procedures have resulted in actual and substantial prejudice to the complaining litigant,'" ZF Meritor, LLC v. Eaton Corp., 696 F.3d 254, 297 (3d Cir. 2012) (quoting In re Fine Paper, 685 F.2d at 817).

In light of a trial court's discretion to control its docket, which includes ordering a party to file a response to a pending motion, this court ordering the government to file a response to

petitioner's motion to unseal the presentence investigation report is not a basis upon which to grant petitioner's motion to disqualify the undersigned judge. Petitioner did not show that this court abused that discretion or that he was actually prejudiced by the court's rulings; indeed, the court ruled upon petitioner's motion prior to the government filing a response and petitioner does not argue that the probation office failed to provide him a copy of the presentence investigation report. The foregoing facts would not cause a "reasonable person, with knowledge of all the facts, [to] conclude that the [undersigned] judge's impartiality might reasonably be questioned." In re Kensington Int'l Ltd., 353 F.3d at 220. Petitioner's motion to disqualify the undersigned judge will be denied with respect to this argument.

**D. Petitioner alleges the undersigned judge granted petitioner's motion for leave to proceed in forma pauperis based upon the government's consent and not upon the merits of the motion.**

On November 6, 2009, petitioner filed a motion for leave to proceed in forma pauperis ("IFP"). (ECF No. 78.) On August 4, 2010, this court granted petitioner's motion for leave to proceed IFP. On June 8, 2014, petitioner filed a second motion for leave to proceed IFP. (ECF No. 146.) On the same day, petitioner filed his notice of appeal to the Court of Appeals for the Third Circuit. (ECF No. 147.) On June 9, 2014, the court ordered the government to file a response to petitioner's second motion for leave to proceed IFP. On July 3, 2014, the Court of Appeals for the Third Circuit granted petitioner leave to proceed IFP based upon the district court granting petitioner leave to proceed IFP on August 4, 2010. United States v. Davies, No. 14-2971, (3d Cir. Jul. 3, 2014) (order explaining that "[i]t appearing that the District Court granted Appellant's motion to proceed in forma pauperis, no action will be taken on the motion as it is unnecessary").[3] Petitioner is correct that the government

---

[3]       Federal Rule of Appellate Procedure 24 sets forth the procedure for a litigant to follow to proceed in forma pauperis on appeal. FED. R. APP. P. 24. The advisory committee notes to Rule 24 provide, in pertinent part:

did not respond to petitioner's second motion for leave to file IFP until approximately seven months after petitioner filed that motion, and the court granted the motion shortly thereafter. Petitioner's second motion to proceed IFP, however, was not necessary or required to be ruled upon by this court for petitioner to proceed in this court or in the court of appeals; indeed, petitioner proceeded in the court of appeals while his second motion for leave to proceed IFP was pending before this court. Under those circumstances, a "reasonable person, with knowledge of all the facts" would not "conclude that the [undersigned] judge's impartiality might reasonably be questioned." In re Kensington Int'l Ltd., 353 F.3d at 220. Petitioner's motion to disqualify the undersigned judge will be denied with respect to this argument.

### E. Petitioner alleges the undersigned judge granted petitioner's motion to stay forfeiture based upon the government's consent and not upon the merits of the motion.

On July 7, 2014, petitioner filed a motion to stay the order of forfeiture pending appeal. (ECF No. 155.) On July 9, 2014, the court ordered the government to file a response to petitioner's motion on or before July 23, 2014. On August 4, 2014—twelve days after the deadline set by the court—the government filed its response in opposition to petitioner's motion. (ECF No. 156.) On August 6, 2014, the court granted petitioner's motion to stay the order of forfeiture pending appeal. (ECF No. 157.) Petitioner argues that "[i]t seems Judge Conti granted [the motion to stay the order of forfeiture pending appeal] based on the government's consent, not on the merits." (ECF No. 196 at 6.) The

---

The second paragraph permits one whose indigency has been previously determined by the district court to proceed on appeal in forma pauperis without the necessity of a redetermination of indigency, while reserving to the district court its statutory authority to certify that the appeal is not taken in good faith, 28 U.S.C. §1915(a), and permitting an inquiry into whether the circumstances of the party who was originally entitled to proceed in forma pauperis have changed during the course of the litigation. Cf. Sixth Circuit Rule 26.

Fed. R. App. P. 24 advisory committee's note to 1967 amendment.

court in its order granting petitioner's motion explained that the motion would be granted based upon the court's review of the petitioner's motion *and* the government response in which it indicated it did not object to petitioner's motion. (ECF No. 157 at 1.) This court's impartiality cannot reasonably be questioned because the court *granted* a motion filed by petitioner based upon the merits of that motion *and* the fact that the government did not object to the relief requested therein; indeed, under those circumstances, a "reasonable person, with knowledge of all the facts" would not "conclude that the [undersigned] judge's impartiality might reasonably be questioned." In re Kensington Int'l Ltd., 353 F.3d at 220. Petitioner's motion to disqualify the undersigned judge will be denied with respect to this argument.

**F. Petitioner alleges the undersigned judge ordered defendant to file a redacted version of his motion for leave to supplement his § 2255 motion.**

On March 17, 2015, petitioner filed a motion for leave of court to supplement a motion filed pursuant to 28 U.S.C. § 2255. (ECF No. 172.) On April 1, 2015, the government filed a motion to strike/redact petitioner's motion for leave of court because petitioner in his supplemental submissions "reference[d] the first and last name of a minor victim-witness in this case." (ECF No. 175 at 1-2 (citing 18 U.S.C. § 3509).) On April 2, 2015, the court granted the government's motion and ordered defendant to "immediately file redacted versions of Documents number 172 and 172-1, and associated exhibits, to eliminate the name or identifying information of any minor children." (ECF No. 176.) On April 13, 2015, petitioner complied with the court's order and filed a redacted version of his supplemental submissions. (ECF No. 179.)

Petitioner in his motion to disqualify argues: (1) the minors he referenced in his submissions "told the FBI Agent that they **were not** victims or witnesses to a crime;" and (2) "'the redaction requirement does not apply to a pro se filing in an action brought under § 2255.'" (ECF No. 196 at 6 (quoting FED. R. CRIM. P. 49.1(b).) Petitioner in this case pleaded guilty to "travel with intent to

engage in illicit sexual conduct on or about November 3, 2007, a violation of 18 U.S.C. § 2423(b) and (e), which included admitting to: engaging in a sexual discussion with two minor females via the internet; engaging in a sexual discussion with one of the minors via the telephone; driving from Conneaut, Ohio, to Washington, Pennsylvania, to one of the minor's home where the two minors got into petitioner's car; and driving the minors and himself to a horse farm in Cecil Township, Pennsylvania, where they were encountered by law enforcement officers. (H.T. 7/27/2009 (ECF No. 98) at 28-32.) Petitioner also agreed that the minors were interviewed by law enforcement officers and the computer used by the minors to chat with petitioner was seized. (Id. at 31.) Petitioner, therefore, pleaded guilty to travelling with intent to engage in illicit sexual conduct with the minor victims, one of which he identified by first and last name in his supplemental submissions. Pursuant to 18 U.S.C. § 3509, a person who is under the age of 18 who is alleged to be "a victim of a crime of physical abuse, sexual abuse, or exploitation," has privacy rights as set forth in that statute. The minor victims were under the age of 18 when the crime was committed in this case and a violation of 18 U.S.C. § 2423(b) constitutes *sexual abuse* of children. United States v. Schneider, 801 F.3d 186, 196-97 (3d Cir. 2015) ("We hold that a violation of § 2423(b) for "travel[ing] in foreign commerce ... for the purpose of engaging in any sexual act ... with a person under 18 years of age that would be in violation of chapter 109A," 18 U.S.C. § 2423(b) (2000), involves the sexual abuse of a person under age 18."). Section 3509(d) provides:

**(1) Confidentiality of information**.--(A) A person acting in a capacity described in subparagraph (B) in connection with a criminal proceeding shall--

(i) keep all documents that disclose the name or any other information concerning a child in a secure place to which no person who does not have reason to know their contents has access; and

(ii) disclose documents described in clause (i) or the information in them that concerns a child only to persons who, by reason of their participation in the proceeding, have reason to know such information.

18 U.S.C. § 3509(d). The foregoing paragraphs apply to "all employees of the Government connected with the case," "employees of the court," "the defendant and employees of the defendant," and "members of the jury." 18 U.S.C. § 3509(d)(1)(B).

Based upon the foregoing, the duties set forth in § 3509(d) apply to petitioner in this case, and, he, therefore, had a statutory duty to "keep all documents that disclose the name or any other information concerning a child," i.e., his supplemental submissions that disclosed the first and last name of one of the minor victims in this case, "in a secure place to which no person who does not have reason to know their contents has access," i.e., not to file those supplemental submissions that disclosed the first and last name of a minor victim on the court's docket, which is available to the public. Section 3509(d)(2) provides:

> (2) Filing under seal.--All papers to be filed in court that disclose the name of or any other information concerning a child shall be filed under seal without necessity of obtaining a court order. The person who makes the filing shall submit to the clerk of the court—
>
> (A) the complete paper to be kept under seal; and
>
> (B) the paper with the portions of it that disclose the name of or other information concerning a child redacted, to be placed in the public record.

18 U.S.C. § 3509(d)(2). Pursuant to § 3509(d)(1), this court *and* the government had a duty to protect the minor victims from their names being disclosed to the public via petitioner's supplemental submissions. 18 U.S.C. § 3509(d)(1)(B). The government fulfilled its duty by filing the motion to strike/redact and this court fulfilled its duty by granting that motion, placing petitioner's original supplemental submissions under seal, and ordering him to file a redacted copy of the supplemental submissions.

Petitioner argues, however, that redaction requirements do not apply to him as a pro se petitioner in a § 2255 proceeding. (ECF No. 196 at 6 (citing FED. R. CRIM. P. 49.1(b)).) Section

3509(d), however, does not provide for an exception for pro se litigants; rather, that statute specifically applies that its mandate to protect child victims applies to defendants.[4] Based upon the foregoing, a "reasonable person, with knowledge of all the facts" would not "conclude that the [undersigned] judge's impartiality might reasonably be questioned." In re Kensington Int'l Ltd., 353 F.3d at 220. Petitioner's motion to disqualify the undersigned judge will be denied with respect to this argument.

**G. Petitioner alleges the undersigned judge granted the government a thirty-day extension to respond to the § 2255 motion pending before the court without requiring the government to show good cause why the extension should be granted.**

On July 2, 2015, petitioner filed the pending § 2255 motion. (ECF No. 186.) On October 21, 2015, the court ordered the government on or before December 7, 2015, to file a response to petitioner's motion. (ECF No. 191.) On December 10, 2015, the government filed a motion for extension of time to file a response to the pending § 2255 motion. (ECF No. 192.) The government in its motion argued for an extension of time to file a response to petitioner's pending § 2255 motion because petitioner is "a serial filer of pleadings" and "the government is required to file a response to several lengthy motions filed by" the petitioner. (ECF No. 192 at 1.) On December 10, 2015, the

---

[4]     The government argues that the privacy protection afforded to child victims set forth in § 3509 should apply even if the child victim has obtained the age of majority. (ECF No. 175 at 2.) Petitioner in his motion to disqualify the undersigned judge does not dispute that argument; rather, petitioner argues that "[t]hose minors, *who are now adults*, told the FBI Agent that they **were not** victims or witnesses to a crime." (ECF No. 196 at 6.) Even if the privacy protections set forth in 3509(d) do not apply to petitioner's supplemental submissions because the minor victim to whom he referred to by first and last name was over the age of 18 at the time of the filing, this court ordering redaction of that information is not a basis upon which the court's impartiality could be reasonably questioned. Petitioner did not cite any decision in which a court held that the privacy protections set forth in § 3509 do not apply to a person who was a minor at the time the crime was committed but not at the time a court filing is made. Pursuant to Federal Rule of Criminal Procedure 49.1 the court has the authority to otherwise issue protective orders to "require redaction of additional information" based upon a showing of "good cause." FED. R. CRIM. P. 49.1.

court granted the government's motion for an extension of time and ordered the government to file its response on or before January 8, 2015. (ECF No. 193.)

Petitioner argues that the undersigned district court judge's "impartiality, ability provide due process, and/or respect for the law are reasonably in question" because the undersigned district court judge granted the government's motion for extension of time to file a response to petitioner's § 2255 motion without the government making the required showing of "good cause" for the extension. (ECF No. 196 at 7.) Petitioner is correct that pursuant to this court's local rules and the undersigned district judge's chamber rules, "good cause" is required to support a request for an extension of time to file a response to a § 2255 motion. LCvR 2255(E)(2) ("An extension may be granted only for good cause shown."); C.J. Conti, Chambers' Civ. Rule 2 ("Generally, [the undersigned district court judge] requires good cause to support a request for an extension of a deadline."). The undersigned district court judge, however, determined good cause existed to grant petitioner's motion because petitioner has filed eleven motions that required a response by the government since he was sentenced on October 16, 2009. (ECF No. 85, 92, 110, 116, 130, 139, 144, 158, 172, 188, 194.) The extension granted by the court was for twenty-nine days, which in light of the number of filings made in this case did not unduly prejudice petitioner, who is not currently incarcerated in a Bureau of Prisons facility. Permitting the government an extension to respond to petitioner's motion permitted the court to decide the motion on a fully developed record. Under those circumstances, a "reasonable person, with knowledge of all the facts" would not "conclude that the [undersigned] judge's impartiality might reasonably be questioned." In re Kensington Int'l Ltd., 353 F.3d at 220. Petitioner's motion to disqualify the undersigned judge will be denied with respect to this argument.

**H. Petitioner alleges the undersigned judge "made arguments for, and then ruled in favor of, the government" with respect to petitioner's argument that the plea agreement was procured by fraud and his motion for return of property.**

**1. Fraud on the court**

Petitioner argues that with respect to his argument that the government committed fraud upon the court, which this court addressed in its opinion dated April 17, 2015, the undersigned judge "purposely ignored the defendant's actual allegations and replaced them with arguments underlying a separate and distinct claim." (ECF No. 196 at 8-9.) Petitioner, therefore, is arguing that this court's ruling is a basis upon which the undersigned judge should recuse from this case. Petitioner appealed the court's opinion dated April 17, 2015, and the Third Circuit Court of Appeals did not issue petitioner a certificate of appealability. (ECF No. 189.) This court's opinion dated April 17, 2015, is, therefore, not a basis upon which to grant petitioner's motion to disqualify the undersigned judge. As explained above, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion….[T]hey are proper grounds for appeal, not for recusal." Liteky, 510 U.S. at 555. Under those circumstances, a "reasonable person, with knowledge of all the facts" would not "conclude that the [undersigned] judge's impartiality might reasonably be questioned." In re Kensington Int'l Ltd., 353 F.3d at 220. Petitioner's motion to disqualify the undersigned judge will be denied with respect to this argument.

### 2. Motion for return of property

On May 7, 2014, petitioner filed a motion for return of property. (ECF No. 139.) On May 13, 2014, the court ordered the government to file a response to the motion. (ECF No. 140.) The government in its response argued, among other things, that petitioner pursuant to his plea agreement with the government agreed to voluntarily forfeit the property in issue in his motion for return of property and this court in its judgment ordered petitioner to forfeit that property to the government. (ECF No. 141 at 2.) On May 29, 2014, the court—for the reasons set forth in the government's response—denied petitioner's motion. (ECF No. 143.) To the extent petitioner disagreed with the court's ruling, i.e., he disagreed with the court's reliance on the government's response or the merits of the government's response, petitioner could have appealed that order to the court of appeals.

Petitioner did not appeal the court's order, and he cannot at this stage use that judicial ruling as a basis for recusal. Liteky, 510 U.S. at 555. Under those circumstances, a "reasonable person, with knowledge of all the facts" would not "conclude that the [undersigned] judge's impartiality might reasonably be questioned." In re Kensington Int'l Ltd., 353 F.3d at 220. Petitioner's motion to disqualify the undersigned judge will be denied with respect to this argument.

**I. Conclusion with respect to the motion to disqualify the undersigned judge**

Petitioner did not set forth a basis for the undersigned judge to recuse herself from this case. Petitioner's motion to disqualify the undersigned judge will, therefore, be denied.

**III. Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (ECF No. 186)**

**A. Applicable Law**

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), which, among other things, established stringent procedural and substantive requirements that an applicant must satisfy in order to file a "second or successive" habeas corpus petition with a district court.[5] The AEDPA's requirements for filing a second or successive petition under § 2255 is codified at 28 U.S.C. § 2255(h). Section 2255(h) provides:

> (h) A second or successive motion must be certified **as provided in section 2244** by a panel of the appropriate court of appeals to contain—
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

---

[5] The AEDPA does not define the phrase "second or successive," and not all numerically second (or greater) petitions fall within § 2244(b)'s scope. See, e.g., Magwood v. Patterson, 561 U.S. 320, 332 (2010); United States v. Winkelman, 746 F.3d 134, 135 (3d Cir. 2014); Blystone v. Horn, 664 F.3d 397, 413 (3d Cir. 2011).

28 U.S.C. § 2255(h) (emphasis added). Among other things, the AEDPA requires that *before* filing a "second or successive" petition with the district court, an applicant must "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). A district court lacks subject-matter jurisdiction over an unauthorized second or successive petition. Lugo v. Zickefoose, 427 F. A'ppx 89, 92 (3d Cir. 2011) ("We also agree with the District Court's ultimate conclusion that it lacked subject matter jurisdiction over the petition, treated as a second or successive § 2255 motion."); Wilcox v. United States, Civ. Action No. 11-1247, 2015 WL 179542, at *1 (D.N.J. Jan. 14, 2015) ("This Court will deny the motion because it is a second or successive § 2255 petition. This Court lacks subject-matter jurisdiction to review it without authorization from the United States Court of Appeals for the Third Circuit ("Third Circuit")."). In other words, if a petitioner does not obtain authorization from the court of appeals to file a second or successive motion, the district court is without subject-matter jurisdiction to hear the petition.

Once it is determined that the filing of a petitioner is an unauthorized second or successive petition, a district court within the Third Circuit may proceed by entering an order either (1) dismissing the petition for lack of subject-matter jurisdiction, or (2) transferring the petition to the court of appeals pursuant to 28 U.S.C. § 1631 for consideration as an application to file a second or successive petition. Robinson v. Johnson, 313 F.3d 128, 139 (3d Cir. 2002) ("When a second or successive habeas petition is erroneously filed in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631.").[6] The AEDPA's substantive requirements, which are codified at §

---

[6]     "The statute provides that the district court shall *dismiss* a second or successive petition that has not been authorized by the court of appeals. 28 U.S.C.A. § 2244(b)(1), (4)." Federal Habeas Manual § 11:81 (emphasis in original). Notwithstanding the "dismissal" language in § 2244(b), several courts of appeals, including the Court of Appeals for the Third Circuit, permit district courts in their circuits to transfer the petition for consideration as an application to file a

2244(b), are the same whether an application is transferred from the district court or is filed by the applicant directly with the court of appeals.

**B. Analysis**

Petitioner's motion asserted under 28 U.S.C. § 2255 (the "third § 2255 motion") will be denied. Petitioner did not receive certification from the Third Circuit Court of Appeals to file the third § 2255 motion. This court does not have subject-matter jurisdiction to consider the third § 2255 motion because it is a successive § 2255 motion. On February 5, 2010, petitioner filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (the "first § 2255 motion"). (ECF No. 85.) On July 23, 2010, the court denied petitioner's first § 2255 motion because the record showed clearly that petitioner voluntarily waived his right to attack collaterally his sentence. (ECF No. 103.) On the same day, petitioner appealed the court's decision denying his first § 2255 motion to the Court of Appeals for the Third Circuit. (ECF No. 106.) On November 15, 2010, the Court of Appeals for the Third Circuit denied petitioner's application for a certificate of appealability and motion to expedite and for summary action. (ECF No. 108.)

On June 21, 2013, petitioner filed his second § 2255 motion. (ECF No. 110.) On April 17, 2015, the court denied petitioner's second § 2255 motion. (ECF Nos. 180, 181.) Petitioner appealed this court's decision to the Court of Appeals for the Third Circuit. (ECF No. 182.) The Third Circuit Court of Appeals denied petitioner's request for a certificate of appealability with respect to his second § 2255 motion. (ECF No. 189.) Petitioner's latest § 2255 motion, i.e., his third § 2255 motion, must be dismissed because this court lacks the subject-matter jurisdiction to decide the

---

second or successive petition. Id. (citing, inter alia, Robinson, 313 F.3d at 139); see Third Circuit Local Appellate Rule 22.5, which sets forth the procedures applicable when a district court enters a transfer order in an unauthorized second or successive petition case.

motion. This court is not empowered to address the arguments raised by petitioner in his third § 2255 motion unless and until petitioner receives authorization from the Third Circuit Court of Appeals.

### IV. Motion to Strike Government's Motion for Extension of Time (ECF No. 194)

Petitioner's motion to strike the government's motion for extension of time (ECF No. 194) will be denied as moot for two reasons: (1) this court already granted that motion based upon the good cause shown by the government (ECF No. 193); and (2) the court is without jurisdiction to decide petitioner's third § 2255 motion, which underlies petitioner's motion to strike and the government's motion for an extension of time. To the extent petitioner's motion to strike the government's motion for extension of time can be construed as a motion for reconsideration of the court's decision granting the government's motion for an extension, the motion to strike would be denied because petitioner did not set forth a basis upon which this court can reconsider that decision.[7]

### V. Motion For Leave to File Corrected Exhibits (ECF No. 188)

Petitioner's motion for leave to file corrected exhibits (ECF No. 188) will be denied as moot because the court is without subject-matter jurisdiction to decide the underlying third § 2255 motion.

### VI. Motion for Disclosure of Matters Occurring Before the Grand Jury (ECF No. 190)

#### A. Petitioner's Motion for Disclosure of Matters Occurring Before the Grand Jury is a successive § 2255 motion.

##### 1. Applicable Law

---

[7]     In order to be successful on a motion for reconsideration, the movant must demonstrate a "definite and firm conviction that a mistake has been committed," or that the court overlooked arguments that were previously made. United States v. Jasin, 292 F.Supp.2d 670, 676 (E.D. Pa. 2003). There are three circumstances in which a court may grant a motion for reconsideration: (1) there has been an intervening change in the law; (2) new evidence is now available that was not available when the court entered judgment; or (3) there is a need to correct a clear error of law or fact, or to prevent manifest injustice. Max's Seafood Café v. Quinteros, 176 F.3d 669, 667 (3d Cir. 1999).

In United States v. Scott the petitioner was convicted of several drug offenses, the convictions were affirmed by the Seventh Circuit Court of Appeals, the district court denied his § 2255 motion, and the court of appeals declined to issue a certificate of appealability. United States v. Scott, 414 F.3d 815, 816 (7th Cir. 2005) The petitioner thereafter filed a motion in which he demanded to "see the grand jury's records so that he could satisfy himself that 12 grand jurors, from a body of at least 16, had voted in favor of the indictment." Id. The district court judge conducted an in camera review of the grand jury records and "assured" the petitioner that all requirements were met. Id. The district court denied the petitioner's motion for reconsideration. Id. The petitioner appealed the district court's order denying his motion in which he sought the records of the grand jury. Id.

The Court of Appeals for the Seventh Circuit held that the district court did not have jurisdiction to consider the motion because it was a second § 2255 motion. Scott, 414 F.3d at 817. The court of appeals explained:

> A post-judgment motion needs a source of authority for the judge to act, and Fed.R.Crim.P. 6(e), which authorizes motions to inspect grand-jury materials *in* criminal cases, does not purport to authorize judges to act *after* the litigation has concluded. If the documents are relevant to some other pending case, then authority to consider a request for access may be supplied by the ancillary jurisdiction[.]

Scott, 414 F.3d at 816 (emphasis in original). The court recognized that the petitioner in that case had "no other proceeding under way, and his only option for launching one would be § 2255." Id. The court of appeals explained that the Court's holding in Gonzalez was applicable to § 2255 motions *and* § 2255 motions disguised as Rule 6(e) motions. Id. ("The reasoning of Gonzalez does not depend on which rule the prisoner invokes; its approach is as applicable to post-judgment motions under Fed.R.Crim.P. 6(e) as it is to motions under Rule 60(b)."). The petitioner in Scott did not merely request the records of the grand jury "hoping that they would furnish the basis for a request to

[the] court under § 2255;" rather, he told the district court that "he was challenging the legality, constitutionality and authenticity" of the indictment in that case. Id. at 817. The court of appeals held that under those circumstances, the petitioner's motion in which he requested the records of the grand jury *and* attacked the indictment in that case asserted a "claim" for collateral relief under Gonzalez, and, therefore, the district court lacked jurisdiction to consider the motion. Id.

The petitioner in United States v. Himmelreich pleaded guilty to producing child pornography, was sentenced by the district court, and the Third Circuit Court of Appeals affirmed his conviction and sentence. United States v. Himmelreich, 481 F. A'ppx 39, 39 (3d Cir. 2012). The petitioner's "collateral attack was unsuccessful." Id. The petitioner thereafter requested from the district court a "variety of documents," including grand jury transcripts. Id. The petitioner informed the district court that he "was preparing a 'writ of coram nobis/vobis.'" Id. The district court denied the petitioner's request and motion for reconsideration. Id. The petitioner appealed. Id.

The Third Circuit Court of Appeals held, among other things, that the petitioner "failed to show the presence of an ongoing proceeding or a particularized need for the materials," and "[h]is reconsideration motion provided no basis for disturbing the District Court's judgment." Himmelreich, 481 F. A'ppx at 39. The court of appeals in a footnote in that decision explained:

> The Seventh Circuit has cautioned that these post-trial requests can implicate the jurisdiction of the District Court, as they may be impermissible second or successive collateral attacks. See United States v. Scott, 414 F.3d 815, 816–17 (7th Cir.2005). Because Himmelreich reveals that he intends to submit his petition in the future—he "is preparing" a coram nobis application that he "will" file—we will not find that the District Court lacked jurisdiction on this ground. See id.

Id. n.1.

In United States v. Rodriguez, the petitioner pleaded guilty to numerous crimes, was sentenced, and did not file a direct appeal. United States v. Rodriguez, Crim. Action No. 98-362-12, 2012 WL 162297, at *1 (E.D. Pa. Jan. 18, 2012). The petitioner filed a § 2255 motion, which the

district court denied, and the Third Circuit Court of Appeals denied his request for a certificate of appealability. Id. The petitioner thereafter filed, among other motions, a motion for production of grand jury records. Id. at *3. The district court held that the petitioner's motion for production of grand jury records filed pursuant to Rule 6(e) was "best construed as a collateral attack on his conviction," i.e., a second or successive § 2255 motion, and, thus, was subject to the limitations of the AEDPA. Rodriguez, 2012 WL 162297, at *3. The court explained that "[t]he motion seeks an evidentiary hearing ultimately aimed at dismissal of the indictment[,]" and, "thus, [was] a challenge to 'the fact ... of confinement' within the meaning of 28 U.S.C. § 2255 and…subject to the limitations of AEDPA." Id. The court dismissed the motion for production of grand jury records for lack of subject-matter jurisdiction and transferred it to the Third Circuit Court of Appeals as an application to file a second or successive § 2255 motion. Id. at *4.

### 2. Analysis

Here, the court entered judgment against petitioner on October 16, 2009, and subsequently amended that judgment on November 4, 2009, and November 12, 2009. (ECF Nos. 75, 76, 79.) Petitioner did not appeal the judgment entered against him, and the time to appeal his conviction has passed. Petitioner filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (ECF No. 85), which this court denied. (ECF No. 103.) Petitioner appealed the court's decision denying his § 2255 motion to the Court of Appeals for the Third Circuit, which denied his application for a certificate of appealability and motion to expedite and for summary action. (ECF No. 108.) In petitioner's motion for disclosure of matters occurring before the grand jury ("motion for disclosure"), he attacks this court's subject-matter jurisdiction, the indictment in this case, his conviction, i.e., his guilty plea, and his sentence, which are challenges to the fact of confinement under AEDPA. (ECF No. 190 at 3-4, 6-8); Rodriguez, 2012 WL 162297, at *3. As the Court of Appeals for the Seventh Circuit explained in Scott, "[a] post-judgment motion needs a source of

authority for the judge to act." <u>Scott</u>, 414 F.3d at 816. Rule 6(e) "authorizes motions to inspect grand-jury materials *in* criminal cases, [and] does not purport to authorize judges to act *after* the litigation has concluded." <u>Id.</u> (emphasis in original). Petitioner—similar to the petitioner in <u>Scott</u>—however, has "no other proceeding under way, and his only option for launching one would be § 2255." <u>Id.</u> Petitioner must, therefore, obtain a certificate of appealability from the Third Circuit Court of Appeals because his motion for disclosure is in actuality a successive § 2255 motion.

Petitioner's Rule 6(e) motion is not similar to the motion filed in <u>Himmelreich</u>, which the Third Circuit Court of Appeals found was not a second or successive § 2255 motion. In that case, the petitioner asserted in his Rule 6(e) motion that he intended to file—*in the future*— a writ of coram nobis and requested the transcripts of the grand jury to assist him in drafting that motion. <u>Himmelreich</u>, 481 F. A'ppx at 39. Here, petitioner in his motion for disclosure asserts that a ground exists to dismiss the indictment, but does not argue that he intends to file another post-conviction motion or that valid grounds exist to do so; rather, he argues:

- "petitioner is entitled to immediate discharge from supervised release because the 'need for medication' no longer exists" (ECF No. 190 at 3);

- "the court allowed the prosecutor to enlarge the statute with unspecific and wholly irrelevant State laws" (<u>Id.</u> at 5);

- "the court lacked subject-matter jurisdiction" (<u>Id.</u> at 6);

- "the indictment is void *ab initio*" (<u>Id.</u> at 7);

- "the prosecutor's 'State Law' statement at the change-of-plea hearing rendered petitioner's guilty plea void" (<u>Id.</u>);

- "[p]etitioner never received fair notice because the indictment failed to include necessary facts and the essential elements of the offense" (<u>Id.</u>);

- "[o]nce jurisdiction is challenged, the court cannot proceed when it clearly appears that the court lacks jurisdiction, but rather should dismiss the action" (<u>Id.</u> at 8);

- "[u]nless the government dismisses the indictment pursuant to Fed. R. Crim. P. 48(a), it is the district court's duty to 'vacate the judgment' which it rendered 'without jurisdiction'" (Id.)

The foregoing arguments asserted by petitioner in his motion for disclosure are claims for collateral relief, and, therefore, this court does not have jurisdiction to consider them. Petitioner's motion for disclosure will be denied for lack of subject-matter jurisdiction as a second or successive § 2255 motion. Petitioner may seek authorization from the Third Circuit Court of Appeals to file a successive § 2255 motion.

**B. Petitioner did not make the required showing under Rule 6(e).**

Even if petitioner's motion for disclosure was a proper motion under Rule 6(e) and this court had jurisdiction to consider it, petitioner is not entitled to the relief he seeks in that motion. Petitioner in his motion for disclosure requests the disclosure of "portions of the records and/or transcripts limited to the legal instructions given to the grand jury concerning the essential 'illicit sexual conduct' and 'violation of Chapter 109A' elements." (ECF No. 190 at 1.) Rule 6(e)(3)(E)(ii) provides:

> (E) The court may authorize disclosure [of a grand-jury matter]--at a time, in a manner, and subject to any other conditions that it directs--of a grand-jury matter:
> …
> > (ii) at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury[.]

Fed. R. Crim. P. 6(e)(3)(E)(ii). The basis for petitioner's request for grand-jury material is that this court did not have subject-matter jurisdiction over his case because of defects in the indictment. Petitioner in this case, however, cannot show that a ground *may* exist to dismiss the indictment because petitioner cannot at this stage of the proceedings—after he has been convicted and sentenced—attack the court's jurisdiction.

Federal Rule of Criminal Procedure 12(b)(2) provides that "[a] motion that the court lacks jurisdiction may be made at any time *while the case is pending*." FED. R. CRIM. P. 12(b)(3)(B) (emphasis added). "A case is not 'pending' within the meaning of Rule 12 where the defendant has pled guilty, has been sentenced, and the period to appeal the conviction has long since passed[,]" even if the defendant is still serving his sentence at the time the motion is filed. United States v. Matute, Crim. Action No. 06-20596, 2013 WL 6384610, at *2 (S.D. Fla. Aug. 20, 2013) (citing United States v. Clarke, 150 F. A'ppx 969, 970 (11th Cir. 2005); United States v. Wolff, 241 F.3d 1055, 1056-57 (8th Cir. 2001)); see United States v. Craft, 471 F. A'ppx 89, 90 (3d Cir. 2012) ("The District Court was correct that Craft cannot challenge his criminal information by using Fed. R. Crim. P 12(b)(3)(B) because his case is no longer 'pending.'"); United States v. Ramsey, 398 F. A'ppx 708, 709 (3d Cir. 2010) ("Ramsey argues that the District Court incorrectly denied his motion, since he challenged the indictment on the ground that it failed to state an offense. However, the District Court properly denied the motion outright, given that his case is no longer 'pending."); United States v. Hernandez, Crim. Action No. 90-315, 2013 WL 1628228, at *3 (E.D. Pa. Apr. 16, 2013) ("Even assuming Hernandez's 'jurisdictional' claim could be raised pursuant to Rule 12(b)(3)(B), the Rule does not provide a basis for relief here because Hernandez's criminal case is no longer 'pending.'"); United States v. Bosket, Crim. Action No. 07-1362, 2011 WL 588286, at *2 (D.S.C. Feb. 10, 2011).[8]

---

[8]    One treatise has explained:

> Another hurdle facing defendants is that even if they learn of misconduct before the grand jury, and even if they could otherwise show that the misconduct caused prejudice, they typically must raise the motion to dismiss and obtain a ruling before the end of trial or the issue is lost. In United States v. Mechanik, the Supreme Court made it clear that, with rare exceptions, errors and violations made in the grand jury process are rendered harmless by a subsequent conviction. The proof of guilt beyond a reasonable doubt is treated as conclusive evidence that there was sufficient probable cause to return the indictment.

Here, there are no charges *pending* against petitioner in this case before this court. Accordingly, this case is not *pending* with respect to petitioner. Petitioner in his motion for disclosure, did not show "that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." FED. R. CRIM. P. 6(e)(3)(E)(ii); United States v. Rodriguez, Crim. Action No. 98-362-12, 2012 WL 162297, at *3 (E.D. Pa. Jan. 18, 2012) (explaining that Rule 6(e)(3)(E)(ii) requires a showing that a ground may exist to dismiss the indictment but the petitioner in that case waived his right to file a motion to dismiss the indictment under Rule 12(b)(3)(B) by not filing it prior to trial). To the extent this court has jurisdiction over the motion for disclosure, it would be denied.

### VII.    Conclusion

Petitioner's motion to disqualify the undersigned judge (ECF No. 196) will be denied. Petitioner's third § 2255 motion (ECF No. 186) will be denied and his motion for disclosure (ECF No. 190), which is actually a fourth § 2255 motion, will be denied because the court is without subject-matter jurisdiction to decide those motions. Petitioner's motion to strike (ECF No. 194) and motion for leave to file corrected exhibits (ECF No. 190) will be denied as moot because the court is without subject-matter jurisdiction to decide the underlying third § 2255 motion. An appropriate order will be entered.

### VIII.    Certificate of Appealability

When a district court issues a final order denying a § 2255 motion, the court must also make a determination about whether a certificate of appealability ("COA") should issue. Otherwise, the

---

1 CHARLES A. WRIGHT & ANDREW D. LEIPOLD, FEDERAL PRACTICE AND PROCEDURE § 113, at 481-82 (4th ed. 2008).

clerk of the court of appeals shall remand the case to the district court for a prompt determination as to whether a certificate should issue.  See 3rd Cir. LAR 22.2.

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

Slack v. McDaniel, 529 U.S. 473, 484-85 (2000).

Based upon the § 2255 motions, files and records of the instant case, and for the reasons set forth herein, the court finds that petitioner did not show a substantial denial of a constitutional right. Accordingly, a COA should not issue.

BY THE COURT,

Dated: May 5, 2016

/s/ JOY FLOWERS CONTI
Joy Flowers Conti
Chief United States District Judge

cc:     Robert Davies
        7455 Harmon Road
        Conneaut, Ohio 44030