# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | )<br>)<br>)<br>)<br>) |
| v. | ) Criminal No. 07-436<br>)<br>) |
| ROBERT DAVIES | )<br>) |
| Petitioner | ) |

**OPINION**

**CONTI, Chief District Judge**

## I. Introduction

Pending before the court are two motions (ECF Nos. 202, 203) filed by petitioner Robert Davies ("petitioner"). Petitioner in the ex parte motion to strike the court's order dated May 5, 2016, argues, among other things, that his most recent motion to vacate, pursuant to 28 U.S.C. § 2255, ("third[1] § 2255 motion") is still pending and he cannot properly take an appeal from the court's order denying his third § 2255 motion because the court did not docket its order in the civil action opened with respect to that motion, i.e., civil action number 15-860. (ECF No. 202.) Petitioner in his motion for relief from void judgment raises a similar argument with respect to the court's order dated May 5, 2016, denying his third § 2255 motion, and argues this court should recuse itself from petitioner's case. (ECF No. 203.)

---

[1] As detailed in the court's opinion dated May 5, 2016 (ECF No. 200), prior to petitioner filing his third § 2255 motion (ECF No. 186), he filed two other § 2255 motions (ECF Nos. 103, 181.)

For the reasons set forth in this opinion, petitioner is not entitled to the relief he seeks. His motion for relief from a void judgment and motion to strike will, therefore, be denied.

## II. Motion to Strike (ECF No. 202)

Petitioner in his motion to strike argues that docket entries 192, 197, 198, 200, and 201 should be stricken from the record in criminal action number 07-436. (ECF No. 202 at 1-2.) Petitioner's argument is based upon the following local rule with respect to the docketing of motions filed pursuant to 28 U.S.C. § 2255:

> Upon receiving the filing, the Clerk of Court will docket it at two places. The Clerk of Court will assign a civil case number for the motion, open that civil case, and enter the motion at that civil case number. At the same time, the Clerk of Court will file and docket the motion at the movant's related criminal case number. All filings related to the motion thereafter will be filed and docketed at the criminal case number only, with the exception of the final judgment order. **The final judgment order will be filed and docketed at the civil case number only.** If the movant is represented by counsel, Electronic Case Filing (ECF) procedures apply.

W.D. Pa. Civ. R. 2255(C)(2).

Docket entries 192, 197, and 198 are filings by the government in response to the post-sentencing motions filed by petitioner and addressed in the court's opinion and order dated May 5, 2016. (ECF Nos. 192, 197, 198.) Each of the motions is captioned at criminal action number 07-436 and civil action number 10-171. (Id.) Civil action number 10-171 was opened in response to one of petitioner's motions to vacate, pursuant to 28 U.S.C. § 2255. The filings docketed at 192, 197, and 198 are not relevant to that particular motion or civil action; rather, the filings are relevant to motions filed in criminal action number 07-436 and petitioner's third motion to vacate, which is docketed in criminal action number 07-436 and civil action number 15-860.

Pursuant to the local rule cited by petitioner, all filings related to petitioner's third motion to vacate—other than the actual motion, which was required to be filed in the criminal case *and* civil case, and the court's final judgment order, which was required to be filed at the civil number—were required to be docketed in only the criminal case. The government and docket clerk complied with that rule with respect to the government's filings docketed at 192, 197, and 198 in criminal action number 07-436. The fact that the caption of those documents also includes civil action number 10-171 is not a basis upon which to grant petitioner's motion and strike those filings from criminal action number 07-436.

Pursuant to the local rules, the court was to issue a final judgment order in the civil action opened when petitioner filed his third § 2255 motion, i.e., civil action number 15-860. The court did not file a document that constituted a final judgment order in civil action number 15-860. Following the court's entry of the order denying petitioner's third § 2255 motion in criminal action number 07-436, petitioner filed with the Third Circuit Court of Appeals a writ of mandamus, pursuant to 28 U.S.C. § 1651. Petitioner in his petition for writ of mandamus argued, among other things, that the undersigned district court judge "did not enter a final order in Civil Action number 15-cv-860 concerning his third successive § 2255 motion." In re Davies, No. 16-2945, --- F. A'ppx ----, 2016 WL 3902640, at *1 n.3 (3d Cir. July 19, 2016). The Third Circuit Court of Appeals rejected petitioner's argument and held:

> Based in part on this Court's prior finding, on October 20, 2015, that "[j]urists of reason would not debate that the District Court lacked jurisdiction to consider Davies' filings that challenged his conviction, as those motions were unauthorized second or successive motions to vacate his conviction," the District Court ruled on the third motion and denied it is an order dated May 5, 2016, docketed at number 201 in Criminal Action

3

number 07-cr-00436. This is sufficient to constitute a final order in Civil Action number 15-cv-00860.

Id. Based upon the foregoing, there is no basis for the court to grant petitioner's motion to strike because the order denying petitioner's third § 2255 motion entered in criminal action number 07-436 constituted a final judgment order in civil action number 15-860. The court will, however, enter a remark in civil action number 15-860 providing that case should be closed pursuant to the order dated May 5, 2016, denying petitioner's third § 2255 motion, which was entered in criminal action number 07-436. Petitioner's motion to strike will be denied because there is no basis to strike any part of the record in either criminal action number 07-436 or civil action number 15-860.

### III. Motion for Relief from a Void Judgment (ECF No. 203)

The court's best understanding of petitioner's argument in his motion for relief from a void judgment, filed pursuant to Federal Rule of Civil Procedure 60(b), is that his due process rights were violated by the undersigned district court judge's "apparent and actual improprieties," and, therefore, any judgment entered against him with respect to his post-sentencing filings are void. (ECF No. 203 at 3.) Accordingly, whether petitioner is entitled to relief under Rule 60(b) depends upon whether the undersigned district court judge should have recused from this case during petitioner's post-sentencing proceedings. The applicable law and each of petitioner's arguments in that regard will be addressed below.

#### A. Applicable Law with respect to Rule 60(b)

Federal Rule of Civil Procedure 60(b)(4), pursuant to which petitioner filed his motion for relief from a void judgment, provides:

(b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

...

(4) the judgment is void[.]

FED. R. CIV. P. 60(b)(4). The Supreme Court has explained:

> Rule 60(b)…provides an "exception to finality," Gonzalez v. Crosby, 545 U.S. 524, 529, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005), that "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances," id., at 528, 125 S.Ct. 2641. Specifically, Rule 60(b)(4)—the provision under which United brought this motion—authorizes the court to relieve a party from a final judgment if "the judgment is void."
> 
> ...
> A void judgment is a legal nullity. See Black's Law Dictionary 1822 (3d ed.1933); see also id., at 1709 (9th ed.2009). Although the term "void" describes a result, rather than the conditions that render a judgment unenforceable, it suffices to say that a void judgment is one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final. See Restatement (Second) of Judgments 22 (1980); see generally id., § 12. The list of such infirmities is exceedingly short; otherwise, Rule 60(b)(4)'s exception to finality would swallow the rule.
> 
> "A judgment is not void," for example, "simply because it is or may have been erroneous." Hoult v. Hoult, 57 F.3d 1, 6 (C.A.1 1995); 12 J. Moore et al., Moore's Federal Practice § 60.44[1][a], pp. 60–150 to 60–151 (3d ed.2007) (hereinafter Moore's). Similarly, a motion under Rule 60(b)(4) is not a substitute for a timely appeal. Kocher v. Dow Chemical Co., 132 F.3d 1225, 1229 (C.A.8 1997); see Moore's § 60.44 [1][a], at 60–150. Instead, Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard. See United States v. Boch Oldsmobile, Inc., 909 F.2d 657, 661 (C.A.1 1990); Moore's § 60.44[1][a]; 11 Charles A. Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice & Procedure § 2862, p. 331 (2d ed.1995 and Supp.2009); cf. Chicot County Drainage Dist. v. Baxter State Bank, 308 U.S. 371, 376, 60 S.Ct. 317, 84 L.Ed. 329 (1940); Stoll v. Gottlieb, 305 U.S. 165, 171–172, 59 S.Ct. 134, 83 L.Ed. 104 (1938).

United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 269-72 (2010).

**B. Applicable Law with respect to Recusal**

The statute governing judicial disqualification provides, in pertinent part:

(a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

28 U.S.C. § 455(a). The test for disqualification pursuant to § 455(a) is "whether a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." In re Kensington Int'l Ltd., 353 F.3d 211, 220 (3d Cir. 2003). "It is 'vital to the integrity of the system of justice that a judge not recuse himself on unsupported, irrational or highly tenuous speculation.'" Pondexter v. Allegheny Cnty. Housing Auth., Civ. No. 11-857, 2012 WL 1621370, at *2 (W.D. Pa. May 9, 2012) (quoting McCann v. Commc'ns Design Corp., 775 F. Supp. 1506, 1523 (D. Conn. 1991) (alteration in original)). A court's "rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S. 540, 555 (1994). The Supreme Court has explained:

> First, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. See United States v. Grinnell Corp., 384 U.S., at 583, 86 S.Ct., at 1710. In and of themselves ( i.e., apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required (as discussed below) when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal.

Liteky, 510 U.S. at 555.

**C. Petitioner argues a final judgment has not been entered in civil action number 15-860, and, therefore, his third § 2255 motion is still pending.[2]**

---

[2] Petitioner also quarrels with the court's determination in its opinion dated May 5, 2016, that were no criminal charges *pending* against petitioner at the time he filed a motion for disclosure of matters occurring before the grand jury (ECF No. 190), which

As addressed above, the Court of Appeals for the Third Circuit rejected this argument in its opinion dated July 19, 2016, which petitioner raised in his petition for writ of mandamus filed with the court of appeals. The court of appeals held that the court's order dated May 5, 2016, entered in criminal action 07-436, which denied petitioner's third § 2255 motion, constituted a final judgment order in civil action number 15-860. The undersigned district court judge's impartiality in this case cannot, therefore, reasonably be questioned with respect to this issue.

### D. Petitioner argues the undersigned district court judge's "professional relationship" with United States Attorneys Rebecca Haywood and Michael Ivory is a basis upon which the undersigned district court judge should recuse from this case.

Petitioner's underlying criminal action was commenced by the filing of a criminal complaint by the Office of the United States Attorney for the Western District of Pennsylvania on November 28, 2007. (ECF No. 1.). On December 18, 2007, the government filed an indictment against petitioner charging him with travel with intent to engage in illicit sexual conduct on or about November 3, 2007, a violation of 18 U.S.C. § 2423(b) and (e). (ECF No. 14.) On May 27, 2009, petitioner pleaded guilty to count one of the indictment. (ECF No. 64.) On October 16, 2009, petitioner was sentenced to, among other things, a term of imprisonment of time served and a term of supervised

---

the court determined was a second or successive § 2255 motion that the court did not have subject-matter jurisdiction to decide. Petitioner argues that the court determined his third § 2255 motion was *pending*, and, therefore, the "§ 2255 proceeding was pending for all motions." (ECF No. 203 at 3.) It remains that there are no criminal charges pending against petitioner of which this court is aware, and that when a motion is filed by a litigant and has yet to be decided by the court, it is pending. The court's impartiality cannot, therefore, reasonably be questioned based upon its determinations in its opinion dated May 5, 2016.

7

release of life. (ECF No. 75.)[3] Assistant United States Attorneys Soo C. Song and Koleen S. Kirkwood represented the government throughout the pendency of this case and during the collateral proceedings.

After filing numerous post-sentencing motions with this court, which the court determined were not meritorious, on June 8, 2014, petitioner filed a notice of appeal, (ECF No. 147), with respect to the court's order dated May 29, 2014, (ECF No. 143), denying his motion for return of property. Assistant United States Attorneys Rebecca R. Haywood ("Haywood") and Michael L. Ivory ("Ivory") represented the government with respect to petitioner's appeal. United States of America v. Davies, 14-2971, (3d Cir. 2014). On February 9, 2015, the Court of Appeals for the Third Circuit affirmed this court's order dated May 29, 2014. On February 22, 2015, the court of appeals denied petitioner's request for a rehearing.

On or about November 17, 2014, the undersigned district court judge was sued in her professional capacity in the Allegheny County Court of Common Pleas. (Civ. Action No. 15-127, ECF No. 1 ¶ 2.) Haywood represented the undersigned district court judge in those proceedings, which were terminated with respect to the undersigned district court judge on March 24, 2016, when the court granted a motion to dismiss filed on the undersigned district court's behalf. (ECF No. 39.)

On April 17, 2015, while the civil case filed against the undersigned district court judge was pending, the undersigned district court judge denied four post-sentencing motions and denied as moot two additional post-sentencing motions filed by petitioner.

---

[3] On November 11, 2009, the court entered an order amending the judgment entered October 16, 2009. The court in the order dated November 11, 2009, added three additional conditions to the terms of petitioner's supervised release. (ECF No. 79.)

8

(ECF No. 180, 181.) On May 5, 2016, the undersigned district court judge entered an order denying three additional post-sentencing motions and denying as moot two other post-sentencing motions filed by petitioner. (ECF No. 201.)

Petitioner argues that his due process rights were violated because the undersigned district judge entered orders dated April 17, 2015, and May 5, 2016, in his post-sentencing proceedings. Petitioner argues the undersigned district court judge should no longer preside over his case because Haywood, who represented the government during petitioner's appeal in this case, represented the undersigned district court judge in an unrelated action. (ECF No. 203.)

The Guide to Judicial Policy, which addresses the issue raised by petitioner, provides:

> When judges are sued in an official capacity, it is not uncommon for representation to be provided by an attorney from the Department of Justice ("DOJ"), which includes members of the local U.S. Attorney's staff. In the event a DOJ attorney is assigned to represent a judge, it is not necessary for the judge to recuse in unrelated litigation in which other DOJ attorneys appear. It may even be unnecessary to recuse from cases handled by the same attorney assigned to represent the judge, depending upon the nature of the representation and the judge's relationship with the attorney.
> …
> [A] judge's impartiality cannot reasonably be question in unrelated maters handled by the DOJ simply because the Department provides representation in a lawsuit naming the judge in an official capacity. When accepting representation by the Department, a judge is not choosing a personal attorney, and the DOJ is not the same as a private law firm. *See* Advisory Opinion No. 38 ("Disqualification When Relative Is an Assistant United States Attorney"). Under 28 U.S.C. §§ 516 to 519, the DOJ has the statutory function to represent officers and agencies of the United States sued in an official capacity.
>
> Nor is disqualification always required in unrelated matters handled by the individual attorney assigned to represent the judge.

9

> Numerous lawsuits against judges are filed by disgruntled litigants and are patently frivolous; they are often dismissed promptly and without any discovery on the basis of the judge's absolute judicial immunity. In these instances, a judge often will have little personal contact with the government attorney providing representation. Thus, disqualification is not always required, but instead depends on the particular facts and circumstances of the case and the nature of the relationship the judge develops with the attorney.

Guide to Judiciary Policy, Vol. 2B, Ch. 2, Advisory Opinion No. 102, "Disqualification Issues Relating to Judge Being Sued in Official Capacity, Including Representation by Department of Justice."

Based upon the foregoing, Haywood's representation of the undersigned district court judge is not and was never a proper reason for the undersigned district court judge to recuse from this case. First, civil action 15-127 is wholly unrelated to any of petitioner's cases. Second, that case terminated during pretrial motions, i.e., the undersigned district court judge did not have any personal contact with Haywood during the pendency of that action. Third, Haywood did not appear before the undersigned district court judge in any of petitioner's cases. Haywood's representation of the undersigned district court judge does not raise circumstances in which the undersigned district court judge's impartiality might reasonably be questioned. Petitioner's motion for relief from a void judgment will, therefore, be denied with respect to this issue because he has not shown that his due process rights were violated in this case.

### E. Petitioner alleges that the undersigned district court judge had ex parte communications with the probation office.

On June 11, 2014, petitioner filed a motion to unseal his presentence investigation report. (ECF No. 149.) Petitioner in his motion argued that he was

required to submit copies of his presentence investigation report to the Court of Appeals for the Third Circuit in relation to his appeal. Petitioner, therefore, requested a physical copy or electronic copy of his presentence investigation report. (Id.) On June 18, 2014, the court denied petitioner's motion as moot because the court was advised that the United States Pretrial and Probation Office for the Western District of Pennsylvania intended to send petitioner a copy of his presentence investigation report. (ECF No. 153.)

To the extent petitioner points to the court's ex parte communications with the probation office about his request to obtain a copy of his presentence investigation as evidence of the court's alleged "apparent and actual improprieties," his argument is unfounded. In general, a probation officer acts as a "'confidential adviser to the court'" and a "'neutral information gatherer with loyalties to no one but the court.'" United States v. Maury, 530 F. A'ppx 205, 208 (3d Cir. 2013) (quoting United States v. Reyes, 283 F.3d 446, 455 (2d Cir. 2002)). The court of appeals acknowledged in Maury, however, that a probation officer in some circumstances may serve in a role that is "'adverse to the defendant in some respects.'" Maury, 530 F. A'ppx at 208 (quoting United States v. Gonzales, 765 F.2d 1393, 1398 (9th Cir. 1985)).

Here, the probation office did not act *adverse* to petitioner's interests; rather, the probation office acted in a neutral manner and informed the court that it would provide the petitioner his presentence investigation report. Under those circumstances, petitioner's due process rights were not violated by the court's ex parte communication with the probation office, which was conducted in order to facilitate petitioner's request. Petitioner's motion will, therefore, be denied with respect to this issue.

**F. Petitioner alleges this court impermissibly altered the record.**

On August 4, 2010, the court granted petitioner's motion for leave to appeal in forma pauperis. On June 8, 2014, petitioner filed a second motion for leave to appeal in forma pauperis. (ECF No. 146.) On the same date, he filed a notice of appeal. (ECF No. 147.) According to the exhibits filed by petitioner, the docket entry accompanying his notice of appeal first provided:

> NOTICE OF APPEAL by ROBERT DAVIES Motion for IFP granted – CJA approved; Representing Attorney: Pro Se. Order appeal Doc. 143 and 145 . The Clerk's Office hereby certifies the record and the docket sheet available through ECF to be the certified list in lieu of the record and/or the certified copy of the docket entries. The Transcript Purchase Order form will not be mailed to the parties. The form is available on the Court's internet site. (Davies, Robert) Modified on 6/9/2014. (plh) (Entered: 06/08/2014)

The docket entry accompanying petitioner's notice of appeal currently provides:

> NOTICE OF APPEAL by ROBERT DAVIES Motion for IFP Pending ; Representing Attorney: Pro Se. Order appeal Doc. 143 and 145 . The Clerk's Office hereby certifies the record and the docket sheet available through ECF to be the certified list in lieu of the record and/or the certified copy of the docket entries. The Transcript Purchase Order form will not be mailed to the parties. The form is available on the Court's internet site. (Davies, Robert) Modified on 6/9/2014. (plh) Modified on 6/9/2014. (plh) (Entered: 06/08/2014)

Petitioner argues that "[t]here was no formal court order to alter the record, and in light of the court's authority to control the docket, a reasonable person could conclude that the court's order to alter the record occurred ex parte, and that the court has now lied about it." (ECF No. 203.)

Petitioner's arguments are without basis in fact. The modification on the docket entry accompanying petitioner's notice of appeal was made by a docket clerk in the clerk's office, i.e., it was a clerical entry and not ordered by the court. Even if the court

had instructed the docket clerk to modify that entry, those instructions would not constitute an ex parte communication, which is defined as "a communication which takes place between one party in a matter, without the presence of opposing party or parties, with or without notice to such other party or parties." United States v. Forbes, 150 F.Supp.2d 672, 677 (D.N.J. 2001). Black's Law Dictionary further explains that:

> A judicial proceeding, order, injunction, etc., is said to be ex parte when it is taken or granted at the instance and for the benefit of one party only, and without notice to, or contestation by, any person adversely interested.

*Ex parte*, BLACK'S LAW DICTIONARY (10th ed. 2014). The modification of the docket entry did not benefit either party in this case, and petitioner has not shown how he was adversely affected by the modification. The docket entry also indicates that the entry was modified twice on June 9, 2014. Under those circumstances and based upon the facts alleged by petitioner, the impartiality of the undersigned judge could not reasonably be questioned. Petitioner's motion will, therefore, be denied with respect to these allegations, which do not support a finding that petitioner's due process rights were violated in this case.

### G. Petitioner seeks reconsideration of the court's rulings with respect to two issues raised in petitioner's motion to disqualify the undersigned district court judge.

Petitioner in his motion for relief from judgment alleges that this court's "apparent and actual improprieties" are evidenced by: (1) the undersigned district court judge ordering the redaction of "the names of minor victims or witnesses" from petitioner's pro se filings; and (2) granting the motion to withdraw as counsel filed by Komron J. Maknoon, petitioner's counsel before this court. The court in its opinion dated May 5, 2016, addressed each of the foregoing allegations and determined that they

13

were not a proper basis for the court to recuse in this case. (ECF No. 200 at 5, 9-12.) Petitioner raised these arguments in his petition for writ of mandamus filed with the court of appeals, and the court of appeals held: "Given the facts of this case, the District Judge did not need to recuse." In re Davies, 2016 WL 3902640, at *2. Petitioner's motion for relief from a void judgment will, therefore, be denied with respect to these issues.

### H. Conclusion with respect to petitioner's motion for relief from a void judgment.

The court's best understanding of the basis of petitioner's motion for relief from a void judgment filed pursuant to Rule 60(b) is that the court's rulings with respect to petitioner's post-sentencing filings are void because the undersigned district court judge should have recused herself from this case based upon her "actual and apparent improprieties," and, because she did not recuse from this case, the court violated petitioner's due process rights. For the reasons set forth above, the undersigned district court judge's impartiality cannot reasonably be questioned in this case. There is no basis[4] for the undersigned district court judge to recuse from this case, and, therefore, petitioner failed to show that he is entitled to relief under Rule 60(b). The motion for relief from a void judgment (ECF No. 203) will, therefore, be denied in its entirety.

### IV. Conclusion

---

[4] Petitioner cites civil action number 15-1139 in support of his argument that the undersigned district court judge should recuse from this case because the undersigned district court judge recused herself from presiding over that case. (ECF No. 203 at 10.) The court cannot discern any similarity between that case and the instant case, which warrants the undersigned district court judge's recusal in the instant case. Petitioner's arguments do not otherwise persuade the court.

14

For the reasons set forth in this opinion, petitioner's motion to strike (ECF No. 202) and motion for relief from a void judgment (ECF No. 203) will be denied.

The court will enter a remark in civil action number 15-860 providing that case should be closed pursuant to the order denying petitioner's third § 2255 motion, which was entered on May 5, 2016, in criminal action number 07-436.

An appropriate order will be entered.

BY THE COURT,

Dated: July 27, 2016

/s/ JOY FLOWERS CONTI
Joy Flowers Conti
Chief United States District Court Judge