IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | Criminal No. 07-436 |
| | ) | |
| ROBERT DAVIES, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

On July 21, 2016, defendant Robert Davies ("defendant") filed a Motion to Withdraw Plea of Guilty (ECF No. 208) in the above-captioned case, arguing that the prosecutor made a promise not to pursue the charge in question, that promise was outside the plea agreement, and the promise was not disclosed to the court before he pleaded guilty, citing Machibroda v. United States, 368 U.S. 487, 492 (1962) ("A guilty plea, if induced by promises or threats which deprive it of the character of a voluntary act, is void. A conviction based upon such a plea is open to collateral attack.") (ECF No. 208 ¶ 2.)[1] On the same date defendant filed a motion to Stay Sentence Pending Ruling on Motion to Withdraw Plea. (ECF No. 209.)

On August 3, 2016, the government filed a joint response to defendant's motions (ECF No. 216), arguing that defendant has no permission from the Court of Appeals for the Third Circuit to supplement his successive motions which seek to relitigate matters. On August 14, 2016, defendant filed a Reply to government's response to defendant's motions (ECF No. 218), arguing the government filed its response past the deadline, and that the government does not deny that it failed to disclose to the court the promise that induced defendant to plead guilty.

---

[1] The court notes that Rule 11(e) provides: "After the court imposes sentence, the defendant may not withdraw a plea of guilty or nolo contendere, and the plea may be set aside only on direct appeal or collateral attack." FED. R. CRIM. P. 11(E). During the change of plea proceeding on July 27, 2009, while defendant was under oath, this court asked defendant if anyone made any promise to him, other than the promises made in the plea agreement, that had induced him to plead guilty. (ECF No. 98 p. 25 ¶ 23-25.) Defendant replied "no". (Id. at 26 ¶ 1.)

This court has no legal authority to consider either motion. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires that *before* filing a "second or successive" petition with the district court, an applicant must "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). A district court lacks subject-matter jurisdiction over an unauthorized second or successive petition. <u>Lugo v. Zickefoose</u>, 427 F. A'ppx 89, 92 (3d Cir. 2011). In other words, if a petitioner does not obtain authorization from the court of appeals to file a second or successive motion, the district court is without subject-matter jurisdiction to hear the petition. Defendant continues to file serial pleadings and has no authorization from the Court of Appeals for the Third Circuit to pursue the motion. This court, therefore, does not have subject-matter jurisdiction. The motions are denied and an appropriate order will be entered.

BY THE COURT,

Dated: November 22, 2016

/s/ *Joy Flowers Conti*
Joy Flowers Conti
Chief United States District Judge