# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>)<br>)<br>v. )<br>)<br>ROBERT DAVIES )<br>)<br>Defendant. ) | Criminal No. 07-436 |

## OPINION

Pending before the court is a motion for extension of time to file notice of appeal under Federal Rule of Appellate Procedure 4 (ECF No. 256) filed by petitioner Robert Davies ("Davies"). On May 27, 2009, Davies pleaded guilty to knowingly traveling in interstate commerce for the purpose of engaging in illicit sexual conduct with another person, in violation of 18 U.S.C. § 2423(b). On November 12, 2009, the court entered an amended final judgment in this case. (ECF No. 79.) On June 8, 2017—*seven years, six months, and twenty-eight days after the court entered final judgment against Davies*—he filed an amended notice of appeal of his conviction and sentence. (ECF No. 245.) On September 19, 2017, the Third Circuit Court of Appeals dismissed Davies' appeal of his conviction as untimely. (ECF No. 255.)

Federal Rule of Appellate Procedure 4(b)(1) provides that "a defendant's notice of appeal must be filed in the district court within 14 days after the later of…the entry of either the judgment or the order being appealed; or…the filing of the government's notice of appeal. FED. R. APP. P. 4(b). Pursuant to Rule 4(b), Davies' notice of appeal with respect to the final judgment entered against him on November 12, 2009, was due on or before November 27, 2009, i.e., fourteen[1] days after judgment was entered against him.

A defendant may request from the district court an extension of time to file an appeal under

---

[1] Fourteen days following November 12, 2009, is November 26, 2009, which was Thanksgiving Day, i.e., a legal holiday. Federal Rule of Appellate Procedure 26 provides that in computing time, the court shall "include the last day of the period, but if the last day is a Saturday, Sunday or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." FED. R. APP. P. 26(a)(1). Davies' notice of appeal was, therefore, due on or before November 27, 2009, which was actually *fifteen days* following the entry of final judgment against him.

Rule 4(b)(4). Rule 4(b)(4) provides:

> **(4) Motion for Extension of Time.** Upon a finding of excusable neglect or good cause, the district court may--before or after the time has expired, with or without motion and notice--extend the time to file a notice of appeal for a period **not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b).**

FED. R. APP. P. 4(b)(4) (emphasis added). Even if Davies could show that he required an extension of time to file an appeal based upon excusable neglect or good cause, the extension granted by this court could not exceed thirty days. Davies' notice of appeal was due on or before November 27, 2009. Based upon the greatest extension possible under Rule 4(b)(4), i.e., thirty days from the expiration of the original deadline, Davies' notice of appeal would have been due on or before December 28, 2009.[2] Under those circumstances, the court cannot provide Davies the relief he now seeks, which is an extension of the time to file a *timely* notice of appeal. Davies' request for an extension of time for file an appeal will be denied as moot. An appropriate order will be entered.

By the court,

Dated: September 29, 2017

/s/ Joy Flowers Conti
Joy Flowers Conti
Chief United States District Judge

---

[2] Thirty days following November 27, 2009, is December 27, 2009, which was a Sunday. Pursuant to Rule 26, which is discussed in footnote 1 above, the thirty-day time period would continue to run until the next day which was not a Saturday, Sunday or legal holiday. The extended deadline would, therefore, be Monday, December 28, 2009, which was *thirty-one days* following the expiration of the original deadline to file a notice of appeal.