# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | ) |
| | ) |
| v. | ) Criminal No. 07-436 |
| | ) |
| **ROBERT DAVIES**, | ) |
| Petitioner. | ) |

## MEMORANDUM OPINION

Pending before the court are two motions to vacate under 28 U.S.C. § 2255 (ECF Nos. 311, 312) filed by petitioner Robert Davies ("petitioner"). For the reasons set forth in this memorandum opinion, the motions will be denied for lack of subject-matter jurisdiction.

Petitioner in the § 2255 motion filed at ECF No. 311 collaterally attacks the order dated February 5, 2019, in which the court found petitioner violated his conditions of supervised release by travelling outside the district of supervision without the approval of the probation officer (ECF No. 308). The court in the order dated February 5, 2019, did not impose any further sanction upon petitioner in light of his personal progress and gainful employment. (Id.) Petitioner argues, however, that his right to counsel guaranteed by the Sixth Amendment to the United States Constitution was violated with respect to the supervised release proceedings because his counsel refused to appeal the court's order dated February 5, 2019. (ECF No. 311.)

A prerequisite to the court having subject-matter jurisdiction over a § 2255 motion is that the petitioner must be "in custody under the sentence which he seeks to set aside." U. S. ex rel. Bogish v. Tees, 211 F.2d 69, 71–72 (3d Cir. 1954); Ghelichkhani v. United States, No. 07-80125-CR, 2017 WL 6597550, at *2 (S.D. Fla. Sept. 26, 2017), report and recommendation

adopted, No. 07-CR-70125, 2017 WL 6597977 (S.D. Fla. Oct. 30, 2017), aff'd, 740 F. App'x 978 (11th Cir. 2018) ("To come within § 2255's scope, the movant must be in custody under the sentence being challenged, and relief under § 2255 is unavailable for a sentence that has been completed."); Kenny v. United States, No. CV 14-6100 (JLL), 2016 WL 70818, at *4 (D.N.J. Jan. 6, 2016) ("This 'in custody' requirement is required for subject matter jurisdiction under ... 28 U.S.C. § 2255(a).") (quoting Diarrassouba v. United States, Civ. No. 12-2257, 2014 WL 546341, at *2-3 (D.N.J. Feb. 10, 2014)). Petitioner is not in custody pursuant to the court's order dated February 5, 2019; rather, petitioner is "in custody" as a result of his original conviction and sentence. This court, therefore, is without subject-matter jurisdiction to decide petitioner's § 2255 motion in which he collaterally attacks the court's order dated February 5, 2019, because he is not "in custody" pursuant to that order. The § 2255 motion (ECF No. 311) will, therefore, be denied for lack of jurisdiction.[1]

Petitioner in the § 2255 motion filed at ECF No. 312 for the *fourth* time collaterally attacks his original conviction and sentence. He argues that his right to counsel was violated because his trial counsel did not appeal his original conviction and sentence. As this court previously explained to petitioner, the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), under which he seeks relief, provides for stringent procedural and substantive requirements that an applicant must satisfy in order to file a "second or successive" habeas corpus petition with a district

---

[1] To the extent the § 2255 motion filed at ECF No. 311 can be construed as attacking petitioner's original conviction and sentence for which he is currently "in custody," Young v. Vaughn, 83 F.3d 72, 75 (3d Cir. 1996), the court is without subject-matter jurisdiction to decide the motion. The § 2255 motion filed at ECF No. 311 would qualify as a "successive" § 2255 motion attacking petitioner's original conviction or sentence for which petitioner did not obtain authorization to file from the court of appeals.

court. The AEDPA's requirements for filing a second or successive petition under § 2255 is codified at 28 U.S.C. § 2255(h). Section 2255(h) provides:

> (h) A second or successive motion must be certified **as provided in section 2244** by a panel of the appropriate court of appeals to contain—
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h) (emphasis added). Among other things, the AEDPA requires that *before* filing a "second or successive" petition with the district court, an applicant must "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). A district court lacks subject-matter jurisdiction over an unauthorized second or successive petition. Lugo v. Zickefoose, 427 F. App'x 89, 92 (3d Cir. 2011) ("We also agree with the District Court's ultimate conclusion that it lacked subject matter jurisdiction over the petition, treated as a second or successive § 2255 motion."); Wilcox v. United States, Civ. Action No. 11-1247, 2015 WL 179542, at *1 (D.N.J. Jan. 14, 2015) ("This Court will deny the motion because it is a second or successive § 2255 petition. This Court lacks subject-matter jurisdiction to review it without authorization from the United States Court of Appeals for the Third Circuit ("Third Circuit")."). In other words, if a petitioner does not obtain authorization from the court of appeals to file a second or successive motion, the district court is without subject-matter jurisdiction to hear the petition.

Here, petitioner's § 2255 motion filed at ECF No. 312 is the *fourth* motion filed by petitioner in which he collaterally attacks his original conviction and sentence. Petitioner did not receive certification from the Third Circuit Court of Appeals prior to filing the fourth § 2255

motion attacking his conviction and sentence. This court, therefore, is without subject-matter jurisdiction to decide the successive § 2255 motion filed at ECF No. 312. The § 2255 motion filed at ECF No. 312 will be denied for lack of subject-matter jurisdiction.

When a district court issues a final order denying a § 2255 motion, the court must also determine whether a certificate of appealability ("COA") should issue. Otherwise, the clerk of the court of appeals shall remand the case to the district court for a prompt determination as to whether a certificate should issue. See 3rd Cir. LAR 22.2.

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

Slack v. McDaniel, 529 U.S. 473, 484-85 (2000).

Based upon the § 2255 motions and for the reasons set forth herein, the court finds that petitioner did not show a substantial denial of a constitutional right. Accordingly, a COA should not issue.

An appropriate order will be entered.

BY THE COURT,

Dated: April 18, 2019 /s/ JOY FLOWERS CONTI
Joy Flowers Conti
Senior United States District Court Judge