# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | ) |
| | ) |
| v. | ) Criminal No. 07-436 |
| | ) |
| **ROBERT DAVIES**, | ) |
| | ) |
| Petitioner. | ) |

## MEMORANDUM OPINION

Pending before the court is a motion to vacate under 28 U.S.C. § 2255 (ECF No. 317) filed by petitioner Robert Davies ("petitioner"). For the reasons set forth in this memorandum opinion, the motion will be denied for lack of subject-matter jurisdiction.

Petitioner in the § 2255 motion raises three grounds for relief: (1) "[t]his court…has refused on more than one occasion to enforce…[petitioner's] right to appeal by reinstating the original judgment, with the most recent refusal dated April 18, 2019, when this court denied…[petitioner's] two [§] 2255 motions….[;]" (2) the government breached the forfeiture provisions of petitioner's plea agreement; and (3) petitioner did not "knowingly, voluntarily, and intelligently" enter a plea of guilty or accept the plea agreement. (Id. at 5-8.)

A prerequisite to the court having subject-matter jurisdiction over a § 2255 motion is that the petitioner must be "in custody under the sentence which he seeks to set aside." U. S. ex rel. Bogish v. Tees, 211 F.2d 69, 71–72 (3d Cir. 1954); Ghelichkhani v. United States, No. 07-80125-CR, 2017 WL 6597550, at *2 (S.D. Fla. Sept. 26, 2017), report and recommendation adopted, No. 07-CR-70125, 2017 WL 6597977 (S.D. Fla. Oct. 30, 2017), aff'd, 740 F. App'x 978 (11th Cir. 2018) ("To come within § 2255's scope, the movant must be in custody under the

sentence being challenged, and relief under § 2255 is unavailable for a sentence that has been completed."); Kenny v. United States, No. CV 14-6100 (JLL), 2016 WL 70818, at *4 (D.N.J. Jan. 6, 2016) ("This 'in custody' requirement is required for subject matter jurisdiction under ... 28 U.S.C. § 2255(a).") (quoting Diarrassouba v. United States, Civ. No. 12-2257, 2014 WL 546341, at *2-3 (D.N.J. Feb. 10, 2014)). Petitioner's first ground of relief is based upon this court denying his § 2255 motion filed at ECF No. 311 in which he collaterally attacked the court's order dated February 5, 2019. The court in the order dated February 5, 2019, found petitioner violated his conditions of supervised release by travelling outside the district of supervision without the approval of the probation officer. (ECF No. 308.) The court explained, however, that petitioner was not in custody pursuant to that order, and, therefore, this court did not have subject-matter jurisdiction over that motion and declined to issue a certificate of appealability. For the same reasons, i.e., the court is without subject-matter jurisdiction to decide a § 2255 motion attacking a sentence for which the petitioner is not in custody, the pending § 2255 motion with respect to ground one will be denied for lack of subject-matter jurisdiction.

The remainder of petitioner's pending § 2255 motion, which include grounds two and three, represent petitioner's *fifth* collateral attack on his original conviction and sentence. As this court previously explained to petitioner, the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), under which he seeks relief, provides for stringent procedural and substantive requirements that an applicant must satisfy in order to file a "second or successive" habeas corpus petition with a district court. The AEDPA's requirements for filing a second or successive petition under § 2255 is codified at 28 U.S.C. § 2255(h). Section 2255(h) provides:

> (h) A second or successive motion must be certified **as provided in section 2244** by a panel of the appropriate court of appeals to contain—

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h) (emphasis added). Among other things, the AEDPA requires that *before* filing a "second or successive" petition with the district court, an applicant must "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). A district court lacks subject-matter jurisdiction over an unauthorized second or successive petition. Lugo v. Zickefoose, 427 F. App'x 89, 92 (3d Cir. 2011) ("We also agree with the District Court's ultimate conclusion that it lacked subject matter jurisdiction over the petition, treated as a second or successive § 2255 motion."); Wilcox v. United States, Civ. Action No. 11-1247, 2015 WL 179542, at *1 (D.N.J. Jan. 14, 2015) ("This Court will deny the motion because it is a second or successive § 2255 petition. This Court lacks subject-matter jurisdiction to review it without authorization from the United States Court of Appeals for the Third Circuit ("Third Circuit")."). In other words, if a petitioner does not obtain authorization from the court of appeals to file a second or successive motion, the district court is without subject-matter jurisdiction to hear the petition.

Petitioner did not receive certification from the Third Circuit Court of Appeals prior to filing the pending § 2255 motion attacking his conviction and sentence. This court, therefore, is without subject-matter jurisdiction to decide the successive § 2255 motion filed. The pending § 2255 motion with respect to grounds two and three will, therefore, be denied for lack of subject-matter jurisdiction.

When a district court issues a final order denying a § 2255 motion, the court must also determine whether a certificate of appealability ("COA") should issue. Otherwise, the clerk of the court of appeals shall remand the case to the district court for a prompt determination as to whether a certificate should issue. See 3rd Cir. LAR 22.2.

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

Slack v. McDaniel, 529 U.S. 473, 484-85 (2000).

Based upon the § 2255 motion and for the reasons set forth herein, the court finds that petitioner did not show a substantial denial of a constitutional right. Accordingly, a COA should not issue.

An appropriate order will be entered.

BY THE COURT,

Dated: November 22, 2019

/s/ JOY FLOWERS CONTI
Joy Flowers Conti
Senior United States District Court Judge

4